ANTONIO FABIANO, A MINOR, BY HIS NEXT FRIEND GIUSTINA FABIANO AND GIUSTINA FABIANO, PLAINTIFFS-APPELLEES, v. ROBERT BERCKES, DEFENDANT-APPELLANT.

### Decided July 14, 1923.

**Negligence—Motor Car Accident—Conflicting Testimony Regarding Speed—Injury to Boy in Street—Second Trial.**

On defendant's rule to show cause why the verdict should not be set aside.

Before Justices KALISCH, BLACK and KATZENBACH.

For the rule, *Lazarus & Brenner* (*Nathan L. Goodman,* on the brief).

*Contra, Anthony P. LaPorta* (*Thomas H. Brown,* of counsel).

PER CURIAM.

This case has been twice tried at the Hudson Circuit and on both occasions resulted in verdicts for the plaintiffs.

In the present case there was a verdict of $1,250 for Antonio and $325 in favor of his mother, Giustina.

The defendant seeks to have the verdicts set aside as being contrary to the weight of the evidence and against the charge of the court, and excessive in so far as the amount awarded to Giustina is concerned.

The plaintiff Antonio was eleven years of age at the time he met with his injury. While crossing Adam street, between Newark and First streets, in Hoboken, he was hit by defendant's motor car and sustained a fracture of the right thigh, a laceration of the right ear, causing disfigurement. The accident happened in broad daylight.

There was testimony tending to establish that Antonio had been playing hide and seek, and the game being finished he started to cross Adam street from the westerly to the easterly side of the street, with the intention of going over to the Liberty theatre, and that he had only taken two or three steps when he was struck by the defendant's automobile and dragged about twenty-five feet. There was a decided conflict in the testimony. The plantiff's testimony was corroborated in many material respects by his playmates. There was evidence from which a jury could reasonably infer that the automobile was being driven along a public street at an excessive rate of speed; for example, that after the plaintiff was hit he was dragged a distance of twenty feet before the car was brought to a stop. Two juries have passed upon the facts of the case and have reached the same result that the injury to the plaintiff Antonio was the result of the defendant's negligence.

"A second concurring verdict upon the same state of facts or slightly varying evidence should cause the court to hesitate before granting a third trial." *Brown* v. *Paterson Paper Co.,* 69 *N. J. L.* 474; *Fulton* v. *Grieb Rubber Co.,* 72 *Id.* 36; *Johnson* v. *Central Railroad Co. of New Jersey,* 109 *Atl. Rep.* 360; *Lembeck* v. *Harms et al.,* 118 *Id.* 537.

The contention that the verdict in favor of Antonio's mother is contrary to the judge's charge finds no support in a fair reading of it. Nor can we say the award of $325 damages to the mother is excessive. She is entitled to the earnings of her son until he reaches the age of twenty-one, unless sooner emancipated. This fact in itself has a probable and a speculative value, and was eminently for a jury to pass upon and determine.

The rule to show cause is discharged, with costs.